UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER WILSON,

         **Plaintiff,**             **CASE NO.:**

         **vs.**

COLLIER COUNTY FLORIDA

         **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER WILSON (hereinafter referred as "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, COLLIER COUNTY FLORIDA, (hereinafter referred as "Defendant"), and states the following:

## INTRODUCTION

This is an action for damages and all available relief based on race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result, and for the violation of Plaintiff's rights to be free from racial discrimination and to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress

1

damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## JURISDICTION AND VENUE

1.      This action at law raises a federal question under federal law, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a, and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

2.      This Court has jurisdiction over Plaintiffs' claims because at all times material to this Complaint, Plaintiffs worked for Defendant in Collier County, Florida.

3.      The illegal conduct occurred within the judicial district in and for this District.

4.      Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PARTIES

4.      Plaintiff was employed as a Senior Field Supervisor from approximately June 22, 2020 until July 1, 2021.

5.     At all times material hereto, Plaintiff worked for Defendant in Naples, Florida.

6.      Defendant is a county in the state of Florida.

7.     At all times material, Defendant was an "employer" as defined by the laws under which this action is brought and employs greater than 15 employees.

## STATUTORY PREREQUISITES

8.     Plaintiff is an African American male individual who suffered discrimination based on his race.

9.     Plaintiff is a member of a class of individuals protected by Title VII and Section 1981 and the FCRA.

10.     Plaintiff was qualified for his position of employment as a Senior Field Supervisor.

11.     The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and Section 1981.

12.     Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and Section 1981 and the FCRA.

13.     Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around July 28, 2020.

14.     Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal

Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as **Exhibit A**, and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## FACTUAL ALLEGATIONS

15.    Plaintiff was hired by Defendant in or around June 22, 2020.

16.    At all times material, Plaintiff was employed as Senior Field Supervisor.

17.    On June 22, 2020, Plaintiff's very first day at work, he overheard a supervisor, Mark Martin, say *"who's the new n***r,"* and then started laughing.

18.    Immediately, Plaintiff complained to his supervisor, Darren Duprey, about the incident.

19.    On June 23, 2020, the very next day, one of the supervisors, Michael Stone, brought in a book called "How to be Friends with a Black Person" and said, *"I heard you got a new n****r."*

20.    Plaintiff reported the incident to Daren Duprey.

21.    On this same day, Mark Martin, said, *"These n****rs don't know what they're doing,"* referring to Plaintiff's Department Head and the Director, who are also black.

22.     On or about September 2020, Plaintiff filed a formal complaint with Human Resources regarding the racial discrimination he experienced.

23.     On October 15, 2020, Stone confronted Plaintiff about the complaint while he was out in the field about 50 miles away.

24.     Plaintiff reported the incident to Albert English, the County Director and Scott Pickens, his immediate supervisor.

25.     Both Plaintiff and Stone were called into Joe Frantz's office, the Superintendent, to discuss the incidents.

26.     After all these incidents and investigations, the County never took aby action against the perpetrators.

27.     On or about February 2021, David Sirenord and Plaintiff were standing in the parking lot when Catie Johnson, Safety Coordinator, walked by and greeted them with: "*Morning boys!*"

28.     Mr. Sirenord and Plaintiff were extremely offended by the comment and viewed the comment as racist.

29.     Ms. Johnson asked Plaintiff and Mr. Sirenord if there was a problem. Plaintiff mentioned the incident to Pickens and English.

30.     The next morning, a local attorney appeared at the facility to provide a diversity training class. After the class, Johnson told Pickens that Plaintiff was the "common" factor."

31.     Plaintiff overheard the comment and immediately approached Pickens to confirm what he heard Johnson say.

32.     Pickens and Plaintiff reported the matter to English. They attempted to request an inquiry.  However, Johnson never returned to work and was considered as resigned.

33.     From the beginning of Plaintiff's employment, he inquired about any Class A licenses that he might need.

34.     Plaintiff had three different supervisors and asked them several times about the licenses and they always answered the same, they were not required and other employees did not have them.

35.     On or about August 2020, Plaintiff asked William Booker, a Supervisor, about the licenses and he said that the only thing Plaintiff had to worry about is having a shovel and also called Plaintiff the N word.

36.     Plaintiff filed another formal complaint regarding Booker's comment.

37.     Despite previously informing Plaintiff that he did need any licenses in his position, on or about March 2021, Frantz informed Plaintiff that he was required to obtain a few licenses since he had been more than six months on the job.

38.     Plaintiff was provided 90 days to get the licenses.

39.     On July 1, 2021, Plaintiff was terminated for not having the required licenses.

40.     On that same day, as Plaintiff was walking out, the Frantz loudly said, "*It is a new day, our problems are over.*"

41.     At the time of his termination, Plaintiff was qualified for his position with Defendant.

42.     At the time of his termination, Plaintiff had not been issued any warnings or other type of discipline regarding behavior or performance.

43.     Plaintiff was treated differently than other Caucasian employees.

44.     At the time of his termination, Plaintiff complained to Defendant that he believed he had been treated differently than other Caucasian employees.

45.     Defendant's reason for terminating Plaintiff was pretextual.

46.     Plaintiff was terminated because of his race.

### COUNT I
### RACE DISCRIMINATION UNDER TITLE VII

47.     Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 46, above

48.     Defendant discriminated against Plaintiff based on his race.

49.     Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

50.     Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

51.     The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering;

e.     Injunctive relief;

f.     Prejudgment interest;

g.     Costs and attorney's fees; and

h.     Such other relief as the Court may deem just and proper.

## COUNT II
## RETLIATION UNDER TITLE VII

52.     Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 46, above.

53.     Defendant retaliated against Plaintiff because of his complaints about race discrimination.

54.     Plaintiff engaged in a protected activity by complaining of disparate treatment and/or race discrimination.

55.     Plaintiff suffered an adverse action.

56.      Defendant engaged in unlawful employment practices prohibited by Title VII by retaliating against Plaintiff as set forth above.

57.     Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

58.     The above-described discrimination and retaliation were done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

59. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 46, above.

60. Plaintiff is an African American individual and therefore a member of the protected class and/or is non-white as set forth in and pursuant to 42 U.S.C. §1981.

61. At all times material, Plaintiff was an employee of the Defendant.

62. At all times material, Defendant through its agents, representatives and employees, who were acting in the course and scope of their employment, was/is an employer within the meaning of Section 1981.

63. Defendant deprived Plaintiff of his civil rights under 42 U.S.C. § 1981 by discriminating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of his employment by discriminating against Plaintiff with the specific purpose of humiliating, embarrassing, ostracizing

and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further employment.

64. Defendant has never on any other occasions acted in such a manner with white former or current employees who have entered into such or similar employment related contract(s), agreements or relationships with the Defendant.

65. Pursuant to 42 U.S.C. §1981(a), "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

66. Pursuant to 42 U.S.C. §1981 (b), "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

67. Based on the foregoing allegations as set forth in paragraphs 1-33 the Defendant violated Plaintiff's civil rights under 42 U.S.C. §1981 by discriminating against Plaintiff in the making and enforcement of his employment contract and employment relationship, including the

11

performance, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship between Plaintiff and the Defendant.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering;

e.     Non-pecuniary damages afforded under Section 1981;

g.     Costs and attorney's fees; and

h.     Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF 42 U.S.C. §1981

68.     Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 46, above.

69.     Plaintiff is an African American individual and therefore a member of the protected class and/or is non-white as set forth in and pursuant to 42 U.S.C. §1981.

70.     At all times material, Plaintiff was an employee of the Defendant.

71.    At all times material, Defendant through its agents, representatives and employees, who were acting in the course and scope of their employment, was/is an employer within the meaning of Section 1981.

72.    Defendant deprived Plaintiff of her civil rights under 42 U.S.C. § 1981 by discriminating and retaliating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of his employment by discriminating and retaliating against Plaintiff with the specific purpose of humiliating, embarrassing, ostracizing and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further employment.

73.    Defendant has never on any other occasions acted in such a manner with white former or current employees who have entered into such or similar employment related contract(s), agreements or relationships with the Defendant.

74.    To this end, Plaintiff engaged in protected activity by complaining of disparate treatment.

75.    Plaintiff suffered an adverse action.

76.    Pursuant to 42 U.S.C. §1981(a), "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of

persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

77.    Pursuant to 42 U.S.C. §1981 (b), "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

78.    Based on the foregoing allegations as set forth in paragraphs 1-33, Defendant violated Plaintiff's civil rights under 42 U.S.C. §1981 by discriminating and retaliating against Plaintiff in the making and enforcement of his employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship between Plaintiff and the Defendant.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Non-pecuniary damages afforded under Section 1981;

    g.    Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT V
## RACE DISCRIMINATION IN VIOLATION OF FCRA

79.     Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 46, above.

80.     Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

81.     Defendant discriminated against Plaintiff based on his race.

82.     Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

83.     Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

84.     At all material times, Plaintiff was qualified to perform his job duties.

85.     Defendant discriminated against Plaintiff because of his race.

86.     Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

87.     The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a)     Back pay and benefits;

b)     Interest on back pay and benefits;

c)     Front pay and benefits;

d)     Compensatory damages for emotional pain and suffering;

e)     Injunctive relief;

f)     Prejudgment interest;

g)     Costs and attorney's fees; and

h)     Such other relief as the Court may deem just and proper.

## COUNT VI
## RETALIATION IN VIOLATION OF FCRA

88.     Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 46, above.

89.     Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

90.     At all material times, Plaintiff was qualified to perform his job duties.

91.     Defendant retaliated against Plaintiff because of his complaints about race discrimination.

92.     Plaintiff engaged in a protected activity by making numerous verbal and written complaints to Defendant regarding race discrimination

93.     Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

94.     The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a)     Back pay and benefits;

b)     Interest on back pay and benefits;

c)     Front pay and benefits;

d)     Compensatory damages for emotional pain and suffering;

e)     Injunctive relief;

f)     Prejudgment interest;

g)     Costs and attorney's fees; and

h)      Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demands a trial by jury.

Dated this 18th day November, 2021.

Respectfully submitted,

**_s/Bruce A. Mount_**
Anthony Hall, Esq.
FL Bar No.: 40924
Bruce A. Mount, Esq. – LEAD COUNSEL
FL Bar No.: 88754
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiff***