UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER WILSON,

    Plaintiff,

v.                                           Case No:   2:21-cv-861-JLB-NPM

COLLIER COUNTY FLORIDA,

    Defendant.

## ORDER

Christopher Wilson sues Collier County, Florida ("the County") for, among other things, alleged violations of the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01–760.11.  (Doc. 1.)[1]  The County moves to dismiss the FCRA claims (Counts V & VI) under Federal Rule of Civil Procedure 12(b)(6).  (Doc. 11.)  It argues that Mr. Wilson has not pleaded exhaustion of the FCRA's administrative remedies.  (Id. at 3–4.)  Mr. Wilson, relying solely on an Equal Employment Opportunity Commission ("EEOC") right-to-sue letter, counters that he has pleaded such.  (Doc. 13.)  The Court agrees with the County—the EEOC letter does not satisfy the administrative prerequisites of section 760.11.  Accordingly, the County's motion to dismiss (Doc. 11) is **GRANTED** and Counts V & VI are **DISMISSED without prejudice** to Mr. Wilson filing an amended pleading.

---

[1] Mr. Wilson also brings federal claims, Counts I through IV of the Complaint, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981.  The County's motion to dismiss "is directed towards Counts V and VI" only.  (Doc. 11 at 1–2.)

## BACKGROUND

Mr. Wilson, an African American male, worked for the County as a Senior Field Supervisor. (Doc. 1 at 2, ¶ 4.) Mr. Wilson was terminated after enduring deplorable racial slurs and conduct at the hands of his supervisors and coworkers. (Id. at 4, 6–7.) He later filed a Charge of Discrimination with the EEOC on August 11, 2021. (Doc. 1-1.)[2] The top right of the form suggests that Mr. Wilson also presented these allegations to the Florida Commission on Human Relations ("FCHR"). (Id. at 1.) On September 1, 2021, the EEOC sent Mr. Wilson a right-to-sue letter stating that it had made "no determination" about the merits of Mr. Wilson's allegations. (Doc. 1-2.)

Mr. Wilson filed his Complaint on November 18, 2021. (Doc. 1.) The Complaint has a section titled, "Statutory Prerequisites." (Id. at 3.) There, Mr. Wilson alleges that "[he] has satisfied all administrative prerequisites to perfect [his] claim[s]," presumably because "Plaintiff filed a Charge of Discrimination with the [EEOC]." (Id. at 3–4, ¶ 14.) He also states that "the EEOC issued a notice of right to sue" and "Plaintiff brings this suit within ninety (90) days of receipt of [his] notice of right to sue." (Id.) Mr. Wilson's FCRA claims, Counts V and VI, incorporate these paragraphs. (Doc. 1 at 15, ¶ 79; id. at 16, ¶ 88.) The Complaint does not otherwise mention any specific action by the FCHR.

---

[2] The Complaint incorrectly states Mr. Wilson filed the EEOC charge "on or around July 28, 2020." (Doc. 1 at 3, ¶ 13.)

Seizing on this, the County argues that "Plaintiff has failed to state a claim upon which relief may be granted. Contrary to the allegation in the Complaint, Plaintiff has not satisfied his administrative prerequisites to file his claims under the [FCRA]." (Doc. 11 at 3–4.) The County points out that "the only exhibits attached to the Complaint are the EEOC documents." (Id. at 7.) It also states that "[i]f Plaintiff wants to bring forth claims under the FCRA, he must comply with the FCRA administrative prerequisites" in Fla. Stat. § 760.11. (Id. at 8.) In sum, the County asserts that Mr. Wilson may not rely solely on the EEOC right-to-sue letter to satisfy the FCRA's procedural requirements.

Mr. Wilson counters that "[he] has exhausted all administrative remedies as evidence by the 'Right to Sue' letter attached to the complaint." (Doc. 13 at 4.) Alluding to a "'work sharing' agreement" between the EEOC and FCHR, Mr. Wilson posits that the two "act as agents of one other." (Id. at 6.) Thus, Mr. Wilson concludes that "[t]aking all the facts alleged within the four corners of the complaint as true, there is sufficient evidence to show that Plaintiff has exhausted all administrative prerequisites." (Id. at 7.)

## LEGAL STANDARD

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under this standard, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Exhaustion of the Act's administrative remedies is a prerequisite to maintaining an FCRA claim. See Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1205 (11th Cir. 2007). Ordinarily, a plaintiff need only "generally allege in [his] complaint that all conditions precedent to the institution of the lawsuit have been fulfilled" to adequately plead exhaustion. Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992, 1010 (11th Cir. 1982) (citing Fed. R. Civ. P. 9(c)).

One of three events must occur before a plaintiff can bring an FCRA civil action. A claimant first must file a complaint with either the FCHR or the EEOC. Fla. Stat. § 760.11(1). Within 180 days, "the [FCHR] shall determine if there is reasonable cause to believe that discriminatory practice has occurred in violation of the [FCRA]." Id. § 760.11(3). "If the [FCHR] determines that there is reasonable cause," a claimant may then file a civil action. Id. § 760.11(4)(a). But if the FCHR "determines that there is not reasonable cause," the claimant "may request an administrative hearing." Id. § 760.11(7). "[A]ny such request must be made within 35 days of the date of determination of reasonable cause . . . . If the aggrieved person does not request an administrative hearing within 35 days, the claim will be barred." Id. (emphasis added). In such a scenario, the claimant may only file a civil action if the FCHR issues a final order determining "that a violation

of the [FCRA] has occurred. . . ." Id. Otherwise, a claimant may file a civil action if the FCHR makes no determination either way within 180 days. Id. § 760.11(8)(a).

## DISCUSSION

There are several problems with Mr. Wilson's argument that his EEOC right-to-sue letter, by itself, satisfies the FCRA's exhaustion requirement. First, the Complaint fails to allege that the letter constitutes a determination by the FCHR. Rather, Mr. Wilson only vaguely references some "work sharing" agreement between the EEOC and FCHR in his response, which, as best the Court can tell from the face of the Complaint, implies that a determination by one is binding on the other. (See Doc. 13 at 6.) But "[t]his argument in turn may depend on which workshare agreement applies." Woodham v. Blue Cross and Blue Shield of Fla., Inc., 829 So. 2d 891, 893 n.1 (Fla. 2002). And Mr. Wilson's pleading never mentions any workshare agreement, let alone one imputing the EEOC's determination of his charge onto the FCHR. Apart from that, neither the Complaint nor the EEOC documents gives rise to the inference that the EEOC's letter is binding on the FCHR for purposes of administrative exhaustion.

Second, even if the EEOC's right-to-sue notice constitutes a decision by the FCHR, it would not constitute a determination "that there is reasonable cause to believe that a discriminatory practice has occurred in violation of the [FCRA]." See Fla. Stat. § 760.11(4). To the contrary, the letter states that "[t]he EEOC . . . makes no determination about whether further investigation would establish

violations of the statute . . . .  The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge." (Doc. 1-2 at 1.)

Under the plain language of the FCRA, the EEOC making "no determination" about whether further investigation would establish violations of the statute cannot logically equate to the FCHR making a reasonable cause determination—a prerequisite to bringing FCRA claims before this Court.  See Fla. Stat. § 760.11(4)(a); cf. Woodham, 829 So. 2d at 897 (refusing to "equate 'unable to conclude' with a determination that 'there is not reasonable cause'" because "[t]o equate those two terms would be contrary to the plain language of the statute" (quoting Fla. Stat. § 760.11(7)).  "In this case, as in Woodham, the EEOC did not pass on the validity of the discrimination charge by making either a cause or a no-cause determination.  Therefore, the EEOC's right-to-sue notice cannot operate to circumvent the administrative prerequisites of the FCRA."  Sheridan v. Fla., Dep't of Health, 182 So. 3d 787, 793 (Fla. 1st DCA 2016).  Finally, even assuming that the EEOC's letter here constitutes a no-cause determination by the FCHR, Mr. Wilson does not allege that he requested the statutorily required administrative hearing "within 35 days of the date of determination of reasonable cause."  Fla. Stat. § 760.11(7).  Such an allegation is necessary because his FCRA claim would otherwise be barred.  Id.

Although it appears that Mr. Wilson—at most—has alleged exhaustion of only his federal claims, the Court need not decide this issue at this juncture

because, again, the County moves to dismiss only the Florida state claims here. (See Doc. 1 at 3–4, ¶ 14; Doc. 11 at 1–2.)  But he has not pleaded sufficient facts suggesting that he satisfied the necessary prerequisites to file a civil action based on his FCRA claims.  Thus, Counts V and VI are due to be dismissed.

Finally, the Court turns to the County's argument that the FCHR actually issued Mr. Wilson a no-cause determination on December 14, 2021, relating to a different EEOC charge than the one attached to Mr. Wilson's pleading.  (Doc. 11 at 3.)  Although the Court may take judicial notice of this document (Doc. 11-3) without converting the County's motion to dismiss into a motion for summary judgment, Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005), the result would be no different.[3]  As noted, Mr. Wilson's pleading fails to allege exhaustion of his FCRA claims and those claims are due to be dismissed.

Courts nonetheless should freely give leave to amend if "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Fed. R. Civ. P. 15(a)(2).  While leave may be denied if amendment would be futile, Hall v. United Insurance Co. of America, 367 F.3d 1255, 1263 (11th Cir. 2004), the Court is not prepared to find

---

[3] Mr. Wilson does not meaningfully respond to this point.  (See Doc. 13.) Instead, counsel mentions that unbeknownst to counsel, Mr. Wilson filed two separate charges before the August 11, 2021, EEOC charge at issue.  (See id. at 6–7.)  It seems that the County's proffered FCHR determination accompanied EEOC Charge No. 15D202100643.  (Doc. 11-3 at 1.)  The EEOC Charge attached to Mr. Wilson's Complaint is No. 510-2021-06107.  (Doc. 1-1.)  Thus, while the two EEOC charges may be sufficiently similar so that a decision on one would implicate the other, the Court will allow Mr. Wilson an opportunity to explain any discrepancy before making that determination.

futility here given the confusion over which charge is operative and whether the FCHR took any action over the EEOC charge attached to the Complaint. Mr. Wilson should be provided one opportunity to amend his pleading, if he can, to include facts showing exhaustion of his FCRA remedies. The County may then reraise its argument about the FCHR's determination, if appropriate.

Accordingly, it is **ORDERED**:

1. The County's motion to dismiss (Doc. 11) is **GRANTED**.

2. Counts V and VI alleging violations of the FCRA are **DISMISSED WITHOUT PREJUDICE**.

3. **On or before March 28, 2022**, Mr. Wilson may file an amended pleading consistent with this Order.

**ORDERED** at Fort Myers, Florida, on March 14, 2022.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE